UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JONEA KRYSTAL LYNN THIGPEN | CIVIL ACTION NO.  6:21-CV-03171 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| DR KILOLO KIJAKAZI | MAGISTRATE JUDGE DAVID J. AYO |

### **REPORT AND RECOMMENDATION**

Before the Court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, and for the reasons set forth below, it is recommended that the Commissioner's decision should be reversed and remanded for further proceedings consistent with this opinion.

### **Administrative Proceedings**

The claimant, Jonea Krystal Lynn Thigpen, fully exhausted her administrative remedies before initiating this action.  The claimant filed an application for disability insurance benefits, alleging disability beginning on July 1, 2011.[1]  An "Application Summary for Disability Insurance Benefits" was sent to claimant including a summary of statements she made on February 22, 2017, in a telephone conversation with a Social Security representative.[2] Claimant was instructed to review the statements and notify the office within 10 days if she disagreed with the statements.

---

[1] Rec. Doc. 7-1 at 473 – 476.

[2] Rec. Doc. 7-1 at 473 – 476.

Claimant's applications were denied initially on April 19, 2017, and she received notification of her right to request a hearing within 60 days of the denial.[3] On June 26, 2022, claimant requested a hearing by an administrative law judge in a phone call with a representative of the Social Security Administration (SSA) and claimant which was documented by the SSA. The document noted that claimant's "Request for Hearing" was stored electronically in the records of the Social Security Office and summarized claimant's statements.[4] Claimant was again instructed to review the statements and notify the office within ten days if she disagreed with the statements. On July 24, 2017, claimant filed a "Statement of Claimant or Other Person" explaining why she was late in requesting a hearing and noting her intent "to seek a representative to plead [her] disability case," and that she has been prevented from doing so because she has "been too ill."[5]

On August 3, 2017, the SSA sent a letter to claimant granting her request for a hearing and explaining the hearing process. The letter also included information regarding the right to representation and included a list of potential organizations to contact for help in seeking representation.[6] A Notice of Hearing was issued setting the matter for hearing

---

[3] Rec. Doc. 7-1 at 398 - 401.

[4] Rec. Doc. 7-1 at 402 – 403.

[5] Rec. Doc. 7-1 at 404 – 406.

[6] Rec. Doc. 7-1 at 407 – 417.

on November 14, 2018. The Notice also included information regarding the right to representation.[7]

On October 9, 2018, claimant sent a letter to Judge Robert Grant requesting postponement of the hearing for six months so that she could have time to recover from her recent surgery and have time to gather and submit more medical records.[8] The SSA sent a Notice of Hearing on January 15, 2019 resetting the hearing on April 12, 2019.[9] On April 2, 2019, claimant filled out a form entitled "Waiver of your Right to Personal Appearance before an Administrative Law Judge" claiming that she could not attend the hearing due to her surgery, a new injury, incontinence, and dental issues. She also stated that she was waiting on additional records and requested that the case would remain "open" until the records were received.[10] The record also contains an email dated April 2, 2019, addressed to Judge Grant.[11] The email describes the medical issues preventing claimant's attendance at the hearing as described in the form, and further states:

> After speaking these concerns to Mrs. Cynthia, my disability examiner, it was proposed to me that I should request this waiver and have a ruling on the records. Some of the

---

[7] Rec. Doc. 7-1 at 421 – 477.

[8] Rec. Doc. 7-1 at 441 – 444.

[9] Rec. Doc. 7-1 at 445 – 461.

[10] Rec. Doc. 7-1 at 465 - 467.

[11] Rec. Doc. 7-1 at 36. The email was sent from Lynn Thigpen at one email address and to Lynn Thigpen at another email address. There is also a notation in handwriting stating "copy of waiver letter, told not to send previously." It appears that this letter was not sent to Judge Grant but was sent in the documents with the Appeal. Claimant asserts that the disability advisor told her not to send it, but she now "wonders if it would have helped my case in some way if you would have had it." Rec. Doc 7-1 at 565.

> records are still being ordered, and I am faxing what records I have, as much as I can on the days I can do some. I have a room full of records from over the years and am trying to get them all in. Could you please review and make a decision on the records once they are all received? Mrs. Cynthia is ordering the recent ER visit…
>
> My only concern about ruling from the records is that I want to make sure that you are able to receive all of the records to have all the information. So, I will try very hard to get what I have into you. And Mrs. Cynthia, is such a blessing and is trying to request all the records as well…
>
> Due to the unpredictable circumstances of my combination of health issues, I don't see how I could absolutely positively guarantee that I would be able to make it to the hearing or be able to even tolerate sitting through the hearing. I have also been too sick since filing for Disability to have found an attorney or even complete the disability paperwork…
>
> I hope and pray that you will have all the records you need to make a ruling on my case without a hearing…[12]

The ALJ issued a decision on August 8, 2019, concluding that the claimant was not disabled within the meaning of the Social Security Act from her alleged disability onset date through the September 30, 2016, the date last insured. The ALJ states that after the claim was initially denied:

> [T]he claimant filed a written request for hearing on June 26, 2017 (20 CFR 404.929). The Administrative Law Judge proffered interrogatories to an impartial vocational expert, Leonard J. Francois. The vocational expert submitted responses. The claimant knowingly and voluntarily waived in writing the right to personally appear and testify at a hearing. Therefore, this decision is being issued pursuant to the provisions of 20 CFR 404.948(b).[13]

---

[12] Rec. Doc. 7-1 at 36 - 42.

[13] Rec. Doc. 7-1 at 20.

4

The claimant then requested that the Appeals Council review the ALJ's decision.[14] In the addendum to the form requesting review, claimant states that:

> The Judge ruled only on the records… Due to severe illnesses and one time I was fresh out of spinal bone resection surgery, I kept having to postpone the hearing due to I was functionally unable to attend. I was advised by the disability examiner to fill out a waiver to appear and allow the Judge to rule on the records, stated that I had plenty of records in my file for an adequate judgement. I am not sure whether I was advised right or about having adequate records to make the ruling…
> I am currently looking for representation…[15]

The Appeals Council found no basis for review.[16] Therefore, the ALJ's decision became the final decision of the Commissioner for the purpose of the Court's review. *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005). The claimant now seeks judicial review of the Commissioner's decision.

## Analysis

### A. Standard of Review

Judicial review of the Commissioner's denial of disability benefits is limited to determining whether substantial evidence supports the decision and whether the proper legal standards were used in evaluating the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a

---

[14] Rec. Doc. 7-1 at 468.

[15] Rec. Doc. 7-1 at 469, 470.

[16] Rec. Doc. 7-1 at 11-1 at 5.

5

reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will only be found when there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Id.* (citations omitted).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. § 405(g); *Martinez v. Chater*, 64 F.3d at 173. A court must carefully examine the entire record but refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Villa v. Sullivan*, 895 F.2d at 1022. Conflicts in the evidence and credibility assessments are for the Commissioner to resolve, not the courts. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985); *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience. *Wren v. Sullivan*, 925 F.2d at 126.

**B.     Entitlement to Benefits**

The Disability Insurance Benefit program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(a). *See also Smith v. Berryhill*, 139 S. Ct. 1865, 1772 (2019). Supplemental Security Income (SSI) provides income to individuals

6

who meet certain income and resource requirements, have applied for benefits, and are disabled. 42 U.S.C. § 1382(a)(1) & (2). *See also Smith v. Berryhill*, 139 S. Ct. at 1772. A person is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his physical or mental impairment or impairments are so severe that he is unable do his previous work and considering his age, education, and work experience, cannot participate in any other kind of substantial gainful work that exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

    **C.**    <u>**Evaluation Process and Burden of Proof**</u>

A sequential five-step inquiry is used to determine whether a claimant is disabled. The Commissioner must determine whether the claimant (1) is currently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is able to do the kind of work he did in the past; and (5) can perform any other work. 20 C.F.R. § 404.1520.

Before going from step three to step four, the Commissioner evaluates the claimant's residual functional capacity by determining the most the claimant can still do despite his physical and mental limitations based on all relevant evidence in the record. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 404.1545(a)(1). The claimant's residual functional

capacity is used at the fourth step to determine if he can still do his past relevant work and at the fifth step to determine whether he can adjust to any other type of work. 20 C.F.R. § 404.1520(e).

The claimant bears the burden of proof on the first four steps; at the fifth step, however, the Commissioner bears the burden of showing that the claimant can perform other substantial work in the national economy. *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016); *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). This burden may be satisfied by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). If the Commissioner makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Fraga v. Bowen*, 810 F.2d at 1302. If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), cert. den. 914 U.S. 1120 (1995) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)).

### D. Waiver of Hearing and Counsel by *Pro Se* Claimant

20 C.F.R. § 404.948 provides that if a party does not wish to appear at a hearing, the ALJ may decide a case on the record and not conduct an oral hearing if the party indicates so in writing.

In recognition of the necessity for fairness, SSA policy, which is binding on the SSA without regard to whether the policy is more rigorous than would otherwise be required, *Hall v. Schweiker*, 660 F.2d 116 (5th Cir. 1981), states that a party may waive the right to

a personal appearance at a hearing only by a written document signed by the party or an authorized representative which shows that:

> (1) the hearing procedure has been thoroughly explained;
> (2) the right to a personal appearance at the hearing to testify and present evidence has been explained;
> (3) the party's right to representation at the hearing by an attorney or another person has been explained;
> (4) the value of additional evidence obtained through oral testimony and the party's personal presence before the ALJ has been explained;
> (5) the party has been advised that if he or she does not appear, the claim will be decided solely on the written evidence then in the file, plus any additional evidence submitted by the party or the party's representative, or obtained by the ALJ; and
> (6) the party has been advised that the waiver may be withdrawn at any time prior to the mailing of the notice of the decision.

*Hall v. Schweiker*, supra. (citing Social Security Ruling 79-19 (C.E.1979)).

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984). When a claimant is not represented by counsel, the ALJ owes a heightened duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id*. at 1219–20 (citations and internal quotation marks omitted). If the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby, the decision of an ALJ was not supported by substantial evidence. *Id*. at 1220. To establish prejudice, a claimant must show that he "could and would have adduced evidence that might have altered the result." *Id*. at 1220.

**E.     The ALJ's Findings and Conclusions**

After concluding that the unrepresented claimant had knowingly and voluntarily waived in writing the right to personally appear and testify at a hearing, the ALJ made the following determinations:

- At step one that claimant meets the insured status requirements of the Social Security Act through September 30, 2016.[17]

- At step two, that claimant has the following severe impairments: thyroiditis; osteoarthritis; pelvic floor disorder; interstitial cystitis; lumbar degenerative disc disease; and Bertolotti syndrome (20 CFR 404.1520(c)).[18]

- At step three, the ALJ found that claimant has no impairment or combination of impairments that meets or medically equals the severity of a listed impairment.[19] At step four, the ALJ found that claimant is not capable of performing any past relevant work.[20]

- At step five, the ALJ found that claimant was not disabled from July 1, 2011, through September 30, 2016 (her last date insured) because she has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).[21]

---

[17] Rec. Doc. 7-1 at 22.

[18] Rec. Doc. 7-1 at 22.

[19] Rec. Doc. 7-1 at 22.

[20] Rec. Doc. 7-1 at 22.

[21] Rec. Doc 7-1 at 22.

**F. Discussion**

Claimant, albeit in an unorganized fashion, alleges the ALJ committed several errors. In her Statement of the Case One she states:

> 04/02/2019-Due to my current state of disability, recovering from a fall injury with fracture and recovering from spine surgery, Per Disability Examiners recommendations (Ms. Cynthia, who was about to retire,) said I had enough in the records to prove my case without a hearing, so I signed a Waiver of Hearing for Judge to rule on the records.[22]

And in claimant's reply brief she further states:

> I) I was advised by SS examiner to sign a waiver of the hearing and have the judge rule on the records. She stated while she could not give me an approval, that she believed the records were adequate to show disability and have judge rule on the records. SS examiner, also had me to send in all records after the 2016 insured date and beyond due to date of discovery of diagnosis. She stated that because it is relevant to the disability it would be allowed as part of the record. However, on appeal, SSA does not want to allow these records.
> 2) I never attended a hearing due to the above fact, advised by SSA to proceed differently.[23]

As stated above, claimant filled out a form on April 2, 2019, entitled "Waiver of your Right to Personal Appearance before an Administrative Law Judge" claiming that she could not attend the hearing due to her surgery, a new injury, incontinence, and dental issues. She also stated that she was waiting on additional records and requested that the case would "remain open" until the records were received. In an email dated April 2, 2019,

---

[22] Rec. Doc. 7-1 at 4.

[23] Rec. Doc. 18 at 2.

addressed to Judge Robert Grant she further stated that her disability examiner proposed that she should request a waiver and have a ruling on the records. She goes on to note what a blessing her disability examiner has been to her and that "[m]y only concern about ruling from the records is that I want to make sure that you are able to receive all of the records to have all the information." Finally, she states that due to the unpredictable circumstances of my combination of health issues, she did not see how she could attend or sit through a hearing.

Unlike earlier phone calls between claimant and the SSA, there are no records of the conversations between the disability examiner and the claimant. The ALJ merely states that claimant "knowingly and voluntarily waived in writing the right to personally appear and testify at a hearing,"[24] but does not elaborate on her request in the waiver for her case to "remain open." The Commissioner did not reply to any of claimant's assertions that she was persuaded to waive her right to a hearing by the disability examiner.

The Court has reviewed the record and the factors outlined in *Hall v. Schweiker*, 660 F.2d 116 (5th Cir. 1981), for waiver of the right to a personal appearance at a hearing by a written document signed by the party or an authorized representative. The Court finds that claimant's waiver includes language requesting that the case "remain open" suggesting that it was not explained to her what she was waiving. In addition, she claims that her health was preventing her from attending the hearing, but there is no indication whether she was advised that a representative could attend for her or that she could attend by video

---

[24] Rec. Doc. 7-1 at 20.

12

teleconferencing (VTC) or by phone. In addition, in light of claimant's assertions that she was persuaded to sign the waiver, it is unclear whether: (1) the hearing procedure was thoroughly explained; (2) the right to a personal appearance at the hearing to testify and present evidence was explained; (3) the party's right to representation at the hearing by an attorney or another person was explained; and (4) the value of additional evidence obtained through oral testimony and the party's personal presence before the ALJ was explained.

The email to Judge Grant further suggests that claimant was confused as to the role of the disability examiner. The Court cannot determine whether claimant was unduly influenced to execute the waiver or whether she knowingly and voluntarily executed the waiver. Her assertions regarding the disability examiner suggest that the disability examiner may have influenced her decision not to request a postponement until she could gather the remaining records, obtain representation, ask a representative to appear at the hearing or request a telephone or VTC hearing. In addition, the Court finds that claimant may have been prejudiced by her waiver of the right to a hearing as it would be beneficial for an ALJ to observe and question this claimant in order to gauge her subjective complaints. Accordingly,

## **Conclusion and Recommendation**

For the reasons fully discussed above, this Court recommends that the Commissioner's decision be reversed and remanded. Upon remand the Secretary should allow claimant a new request for a hearing and then fully comply with Ruling 79-19 should claimant decide to waive a personal appearance.

\* \* \* \* \*

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[25]

Signed at Lafayette, Louisiana on this 17th day of March, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE

---

[25]   See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).